UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Estate of Richard Fontaine, *Plaintiff*, v. Frito-Lay, Inc., *Defendant*. | Civil Action No. 1:19-cv-11993-NMG |

**DEFENDANT FRITO LAY INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND REQUEST FOR SANCTIONS**

## INTRODUCTION

Pursuant to Rules 37(d)(1)(A)(i), 37(d)(1)(A)(ii), 37(b)(2)(A)(v), 37(d)(3) and 41(b) of the Federal Rules of Civil Procedure as well as the relevant decisional and statutory law related to the same, Defendant Frito-Lay, Inc. (the "Defendant" or "Frito-Lay"), by and through its counsel, Sulloway & Hollis, P.L.L.C., hereby moves for an Order dismissing the above matter. As discussed below, this course of action is justified given that: (1) Charlette Fontaine ("Ms. Fontaine"), the alleged personal representative of the Estate of Richard Fontaine – the Plaintiff in the above matter (the "Plaintiff" or the "Estate") – is not, in fact, the personal representative of the Estate and thus does not have standing to pursue this case; (2) Ms. Fontaine failed to appear for her properly noticed deposition; and (3) the Plaintiff has failed to provide notarized answers to interrogatories propounded by Frito-Lay or any responses to document requests propounded by Frito-Lay, despite a Joint Status Report establishing a set deadlines for production.  While any

one of these points alone would justify dismissal, taken together, it is clear that dismissal is both just and proper.

Moreover, given Ms. Fontaine's failure to attend a duly-noticed discovery deposition without good cause, Frito-Lay respectfully requests that the Court impose sanctions by ordering Plaintiff to pay Frito-Lay's reasonable costs and attorney's fees associated with Ms. Fontaine's deposition and this Motion, pursuant to Rules 37(a)(5)(A) and 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure.

**STATEMENT OF UNDISPUTED FACTS**

1. This is a negligence action originally filed by Richard Fontaine on September 22, 2019. *See, Complaint*. In December 2019, Mr. Fontaine passed away due to unrelated reasons. On February 11, 2020, Plaintiff's counsel informed counsel for Frito-Lay of Mr. Fontaine's death, and that Charlette Fontaine, as "Executor" of the Estate, wished to pursue the claim. *See, Declaration of David Johnston*, attached as **Exhibit A**.

2. On March 6, 2020, a "Motion for Substitution of Parties" was filed, resulting in the above-name Plaintiff proceeding with this matter. Generally, the Plaintiff alleges Mr. Fontaine "discovered a dead mouse in the bag of Frito-Lay *Cheetos* from which he was eating." *Complaint*, ₽1.

3. On June 8, 2020, counsel for Frito-Lay emailed counsel for the Plaintiff to request dates for the deposition of Ms. Fontaine. *See, Declaration of David Johnston*, attached as **Exhibit A**. After receiving no response from Plaintiff's counsel, on July 2, 2020, counsel for Frito-Lay noticed the deposition of Ms. Fontaine for July 28, 2020 at his office in Needham, Massachusetts. *See, Notice of Taking Deposition*, dated July 2, 2020, attached as **Exhibit B**.

4.     After being informed by Plaintiff's counsel that traveling to Needham would pose a hardship to Ms. Fontaine, counsel for Frito-Lay re-noticed her deposition to be held on the same day, but in Worcester, Massachusetts instead of Needham.  *See, Revised Notice of Taking Deposition*, dated July 8, 2020, attached as **Exhibit C**; *see also,* **Exhibit A**.

5.     As the Court is aware, on July 24, 2020, Frito-Lay filed a Motion to Compel Discovery Responses in the above matter having not received the Plaintiff's Rule 26 Disclosure or the Plaintiff's responses to written discovery; the former was due by May 31, 2020, the latter was due on July 9, 2020.  *See, Frito-Lay's Motion to Compel Discovery Responses* [Filings #25 & #26].  Given that counsel for Frito-Lay could not meaningfully depose Ms. Fontaine without the Estate's responses to written discovery, on July 24, 2020, counsel for Frito-Lay cancelled her deposition.  *See, Declaration of David Johnston*, attached as **Exhibit A**.

6.     On August 10, 2020, the Court issued an Order on Frito-Lay's Motion to Compel Discovery Responses and the Plaintiff's Objection to the same, directing the Parties to meet and confer to address the discovery dispute and to file a status report reflecting the same.  Counsel for the Parties telephonically met on August 12, 2020, to discuss their discovery dispute and filed a Joint Status Report on August 18, 2020.  *See, Joint Status Report*, dated August 18, 2020 [Filing #31].  Pursuant to the terms of that agreement, final and executed responses to the written interrogatories propounded on the Plaintiff was to be provided to Frito-Lay by September 3, 2020, together with responses to Frito-Lay's document requests. *Id.*

7.     Based on this agreement, on August 26, 2020, counsel for Frito-Lay again requested Ms. Fontaine's deposition and provided a series of potential dates.  *See, E-Mail Correspondence between David Johnston to Mark O'Brien*, dated August 26 – 27, 2020,

attached as **Exhibit D**. The next day, counsel for the Plaintiff informed counsel for Frito-Lay that Ms. Fontaine was "still deciding on a Depo date." *Id.*

8. On September 7, 2020, Plaintiff's counsel informed counsel for Frito-Lay that Ms. Fontaine had settled on having her deposition held on September 23rd. *See, Declaration of David Johnston*, attached as **Exhibit A**.

9. Meanwhile, despite the terms of the Parties' August 18th Joint Status Report as well as the Plaintiff's counsel's assurances on September 2nd, 4th, 7th, 9th and 10th that notarized interrogatory answers and responses to the Frito-Lay's documents requests were forthcoming, the Plaintiff failed to produce the outstanding written discovery. *See, Declaration of David Johnston*, attached as **Exhibit A**.

10. On September 13, 2020, Plaintiff's counsel provided signed – but not notarized – interrogatory responses from his client. *See, Relevant Excerpts of Plaintiff's Answers to Frito-Lay's First Set of Interrogatories*, attached as **Exhibit E**. As of the time of filing, Plaintiff's counsel has not provided responses to Frito-Lay's requests for production.

11. In an effort to move this case forward, Frito-Lay opted to hold Ms. Fontaine's deposition despite the fact that written discovery was still outstanding. Accordingly, on September 18, 2020, counsel for Frito-Lay noticed the deposition of Charlette Fontaine for September 23, 2020 – the day she had chosen – to be held in Worcester, Massachusetts. *See, Notice of Taking Deposition*, attached as **Exhibit F**.

12. At 4:05pm on September 22, 2020, Plaintiff's counsel informed counsel for Frito-Lay that Ms. Fontaine would not be attending her deposition, scheduled for 10:00 the next morning. *See, E-Mail Correspondence between Mark O'Brien and David Johnston*, dated September 22 – 23, 2020, attached as **Exhibit G**. Plaintiff's counsel indicated that "Charlette

says she won't be attending the Deposition-- that she's had a falling-out with members of [the decedent's] family including Gloria Castruccio and her Grandfather Richard Riel." *Id.* Counsel for Frito-Lay responded by email shortly thereafter, noting that "she's obligated to show as the representative of the estate. The depo was properly noticed and her family dispute does not change that. I'm going to seek court sanctions if she doesn't. Please advise her of my position and let me know if she changes her mind." *Id.*

13. On September 23rd, counsel for Frito-Lay arrived at the noticed location of Ms. Fontaine's deposition. *See, Declaration of David Johnston*, attached as **Exhibit A**. Ms. Fontaine did not appear. *Id.* Counsel for Frito-Lay spoke on the record with respect to her non-appearance and the lack of good cause to excuse her absence. *Id.*[1]

14. As noted above, Plaintiff's counsel provided signed – but not notarized – interrogatory responses on September 13th. *See, Relevant Excerpts of Plaintiff's Answers to Frito-Lay's First Set of Interrogatories*, attached as **Exhibit E**. Interrogatory Number 1 asked, in part, for the Plaintiff to identify "[the] date of [your] appointment as executor or administrator" and to "identify the court of appointment." *Id.* In response, Ms. Fontaine wrote: "(appointment??)." *Id.*

15. Counsel for Frito-Lay was unable to ask Ms. Fontaine about her appointment (or lack thereof) given her failure to appear at her deposition. Consequently, counsel for Frito-Lay emailed Plaintiff's counsel to ask whether or not Ms. Fontaine was, in fact, the Estate's duly authorized personal representative, and requested proof of the same. *See, E-Mail Correspondence between David Johnston and Mark O'Brien*, dated September 23, 2020,

---

[1] Counsel for Frito-Lay has not yet received a copy of the transcript for Ms. Fontaine's scheduled deposition, but can provide a copy to the Court once it is received from the stenographer.

attached as **Exhibit H**.  Plaintiff's counsel responded that same day, stating: "She states that she is. I'll run down the veracity of that statement, and get back to you."  *Id.*

16. On September 29, 2019, the office for counsel for Frito-Lay searched the Massachusetts Trial Court Electronic Case Access system for filings in the Middlesex Probate Court regarding the Estate, as the decedent was a living in the Town of Stow immediately prior to his death and died at Marlborough Hospital, both of which are located in Middlesex County. *See, Declaration of David Johnston*, attached as **Exhibit A**.  The Electronic Case Access system indicates that no probate proceeding has been opened in Middlesex County with respect to Richard Fontaine, and thus, there is no information indicating that Ms. Fontaine was appointed personal representative of the Estate.  *Id.*

17. On September 30, 2020, prior to filing the foregoing Motion/Memorandum of Law, Frito-Lay's counsel contacted Plaintiff's counsel to request a telephonic meet-and-confer, pursuant to Local Rule 37.1.  *See, Declaration of David Johnston*, attached as **Exhibit A**.  That telephonic meet-and-confer was held the next day.  *Id.*  In that conversation, Plaintiff's counsel confirmed that he is unable to verify that Ms. Fontaine was ever appointed the personal representative of the Estate.  *Id.*

18. Based on the foregoing, this Motion follows.

## ARGUMENT

**I.    The Plaintiff's Case Must Be Dismissed At This Time.**

> a. *Because Ms. Fontaine is not the personal representative of the Estate, she does not have standing to prosecute this action.  Given that she cannot pursue this claim on behalf of the Estate, dismissal is warranted at this time.*

19. Under Massachusetts law, it is well recognized that a duly appointed personal representative of "a decedent domiciled in the commonwealth at death has the same standing to

sue and be sued in the courts of the commonwealth and the courts of any other jurisdiction as the decedent had immediately prior to death." M.G.L. ch. 190B, § 3-703(c); *see also, Bennett v. R.J. Reynolds Tobacco Co.*, No. 2017-0603-BLS, 2018 Mass. Super. LEXIS 3 (Suffolk County Sup. Ct., Jan. 8, 2018) (noting that while a personal representative appointed under the Massachusetts Uniform Probate Code will possess a cause of action that belonged to the deceased and devolved to the estate, that a personal representative appointed under §3-108(4) will not possess those same rights).

20. That said, the right to pursue a claim of the decedent only extends to the duly appointed personal representative of an Estate. *Id.* "A dismissal is appropriate where the plaintiff does not have standing to bring suit or if the party bringing suit is not the real party in interest." *O'Connor Cafe of Worcester v. Liquor Liab. Joint Underwriting Ass'n*, No. WO-CV-99-1090-A, 1999 Mass. Super. LEXIS 346, *5 (Worcester Sup. Ct., Sept. 13, 1999). There is no basis under Massachusetts law allowing an individual who is not the duly authorized personal representative of an estate to prosecute a claim belonging to the estate.

21. Here, the Plaintiff has produced <u>no</u> proof that Ms. Fontaine is the duly appointed personal representative of the Estate. Indeed, when Ms. Fontaine was asked about her appointment, she wrote "(appointment??)." *See, Relevant Excerpts of Plaintiff's Answers to Frito-Lay's First Set of Interrogatories*, attached as **Exhibit E**. The Electronic Case Access system indicates that no probate proceeding has been opened in Middlesex County with respect to Richard Fontaine's passing. *Declaration of David Johnston*, attached as **Exhibit A**. Critically, Plaintiff's counsel has confirmed that Ms. Fontaine is no longer communicating with him and he has nothing to verify that she was ever appointed as personal representative of the Estate. *Id.*

22. Simply put, because Ms. Fontaine is not the duly appointed personal representative of the Estate, she cannot proceed as the Plaintiff in this matter. Only the personal representative of an estate may prosecute a claim belong to the estate, and Ms. Fontaine is not empowered to do so. Therefore, pursuant to the above-listed statutory and decisional law, this case must be dismissed.

> b. *Ms. Fontaine's failure to attend her deposition warrants dismissal of the Plaintiff's Complaint.*

23. Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that the Court may order sanctions if "a party or a party's officer, director, or managing agent…fails, after being served with proper notice, to appear for that person's deposition." Such sanctions include dismissal. *See,* Rule 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)"); *see also*, Rule 37(b)(2)(A)(v) (providing that if "a party or a party's officer, director, or managing agent…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders" including "dismissing the action or proceeding in whole or in part"). Moreover, Rule 41(b) provides that the Court may dismiss an action if "the plaintiff fails to prosecute or comply with these rules or a court order."

24. Here, the Plaintiff has directly violated the standards set forth in Rule 37(d): despite Frito-Lay properly noticing the deposition of Charlette Fontaine, the alleged personal representative of the Estate, and despite the fact the deposition was scheduled on a date and at a location convenient to her, Ms. Fontaine failed to appear for her deposition. *See, Notice of Taking Deposition*, dated September 23, 2020, attached as **Exhibit F**; *Declaration of David Johnston*, attached as **Exhibit A**.

25. To the extent Ms. Fontaine is the personal representative of her father's Estate, she was obligated to appear for her deposition. *See*, F.R.C.P. 37. (To the extent she is not, as discussed above, this matter must be dismissed as she does not have standing to prosecute a claim of the Estate). The fact that Ms. Fontaine had a falling out with members of her family has no bearing on her ability to be deposed. *See, E-Mail Correspondence between Mark O'Brien and David Johnston*, dated September 22 – 23, 2020, attached as **Exhibit G**. She would not have had to see or interact with her family members at her deposition. Her excuse as to her non-appearance does not provide good cause not to appear at the duly noticed deposition.

26. Given that Ms. Fontaine failed to appear for her duly-noticed Rule 30 deposition, the sanction of dismissal is appropriate and consistent with the Federal Rules of Civil Procedure, which recognize that a party's failure to appear for their deposition warrants sanctions, including dismissal. *See,* Rule 37(d)(1)(A)(i); *see also*, Rule 37(b)(2)(A)(v). Moreover, Ms. Fontaine's failure to appear for her deposition (or provide meaningful discovery responses, as discussed below) amounts to a failure to prosecute, further justifying dismissal under Rule 41(b).

27. A dismissal of plaintiff's claims is also well supported by the relevant decisional law. In *Guex v. Allmerica Fin. Life Ins. & Annuity Co.*, the First Circuit affirmed the District Court's dismissal of an action as a sanction for the plaintiff's conduct. 146 F.3d 40 (1st Cir. 1998). There, the plaintiff failed to attend a deposition noticed by defendant. After failing to explain his failure to attend the deposition, the District Court dismissed the plaintiff's action pursuant to Federal Rule of Civil Procedure 37(d). The First Circuit affirmed, noting that the plaintiff's failure to attend the deposition and failure to explain his non-attendance demonstrated a lack of respect for the judicial process. *See, id.*; *see also, Lonardo v. City of Boston*, No. 06-

12033-RGS, 2008 U.S. Dist. LEXIS 40540 (D. Mass., May 20, 2008) (dismissing plaintiff's case following his failure to attend his own deposition and the Court's orders related to same).

28. It is well recognized that there is "nothing in the rule that states or suggests that the sanction of dismissal can be used only after all the other sanctions [available under Rule 37] have been considered or tried." *Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 15 (1st Cir. 1988). Indeed, "[t]he most severe in the spectrum of sanctions provided by sanction or rule must be available to the [] court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Guex*, 146 F.3d at 42 (*quoting National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)); *see also, HMG Prop. Investors, Inc. v. Parque Industrial Rio Canas, Inc.*, 847 F.2d 908, 918 (1st Cir. 1988) ("The law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal").

29. Here, not only did Ms. Fontaine fail to attend a properly noticed deposition – on a date she selected at a location that was convenient for her – but no good cause exists for her non-attendance. Giving due regard to the deterrent effect of dismissal, it cannot be said dismissal is too draconian a sanction, here. Ms. Fontaine's failure to attend her deposition must be considered in the broader context of the Plaintiff's failure to prosecute this case, which includes not only her failure to attend her deposition, but the Plaintiff's failure to supply notarized interrogatory responses, failure to supply any response to written document requests, her substantial delay in the production of materials identified in the Plaintiff's Rule 26 disclosure, as

well as the Plaintiff's failure to identify and provide documentation as to the actual personal representative of the Estate.

30. Accordingly, similar to the Court in *Guex*, dismissal in this case is proper.

    *c. The Plaintiff's repeated discovery violations warrant dismissal at this time.*

31. Further, Rule 37(d)(1)(A)(ii) provides that the Court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Such sanctions include dismissal. *See,* Rule 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)"); *see also,* Rule 37(b)(2)(A)(v) (providing that if "a party or a party's officer, director, or managing agent…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders" including "dismissing the action or proceeding in whole or in part"). Moreover, Rule 41(b) provides that the Court may dismiss an action if "the plaintiff fails to prosecute or comply with these rules or a court order."

32. For the purposes of this Motion only, Frito-Lay incorporates by references the procedural history outlined in its Motion to Compel Discovery Responses. *See,* Filings #25 & #26. As stated in those pleadings and as discussed above, Frito-Lay has had to expand extraordinary energy and efforts in an attempt to move this case forward, only to be faced with the Plaintiff's refusal to prosecute. The Plaintiff has repeatedly delayed providing information, despite agreed-upon deadlines, and has offered no good cause for those delays. More to the point, the cumulative nature of Ms. Fontaine's failure to attend her deposition, the Plaintiff's failure to supply discovery responses, and the Plaintiff's failure to identify the personal

representative of the Estate – the cornerstone in the Plaintiff's ability to continue this litigation – clearly illustrates that the Plaintiff has not prosecuted this case in good faith and has no intent to.

33.   Therefore, pursuant to Rules 37(d)(1)(A)(ii), 37(b)(2)(A)(v), and 41(b), dismissal is proper at this time.

### II. The Court Should Sanction the Plaintiff for Charlette Fontaine's Failure to Appear at Her Properly Noticed Deposition, Particularly Given That No Good Cause Exists for Her Failure to Appear.

34.   Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that the Court may order sanctions when "a party or a party's officer, director, or managing agent…fails, after being served with proper notice, to appear for that person's deposition." *See also,* LR 1.3.  It is well recognized that "failure to appear for a deposition is strictly construed" and that Rule 37(d) sanctions apply "when a deponent literally fails to show up for a deposition session." *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 (1st Cir. 1991) (internal citations omitted); *see also,* 7 Moore's Federal Practice - Civil § 37.91.  Such is the situation, here.

35.   Federal Rule of Civil Procedure 30(a)(1) provides that a party may depose "any person" by oral questions without leave of the Court. *See,* Rules 30(a)(1) and 30(a)(2).  Pursuant to Rule 30(b)(1), counsel for Frito-Lay properly noticed Ms. Fontaine's deposition.  Counsel provided reasonable written notice of Ms. Fontaine's deposition, even going so far as to hold the deposition at a convenient location for Ms. Fontaine on a day she selected.  *See, Notice of Taking Deposition*, dated September 23, 2020, attached as **Exhibit F**; *Declaration of David Johnston*, attached as **Exhibit A**.  The notice of deposition included the time and place of the deposition and the deponent's name and address, as required by the Rule. *Id.*; *see also,* Rule 30(b)(1).  Despite these efforts, Ms. Fontaine did not appear for her deposition.

36. The plain text of Rule 37(d)(1)(A)(i) makes clear that it is directly applicable to this situation, stating that sanctions may be ordered when a party "fails, after being served with proper notice, to appear for that person's deposition." Given that Ms. Fontaine failed to appear for her duly-noticed Rule 30 deposition and given the lack of good cause regarding that failure, sanctions under Rules 37(d)(1)(A)(i) and 37(a)(5)(A) are appropriate. *See also,* Rule 30(d)(3)(C) (citing Rule 37(a)(5) for awarding expenses with respect to failure to appear for a deposition under Rule 30); Rule 30(d)(2) (authorizing "an appropriate sanction" for conduct that "impedes, delays, or frustrates the fair examination of the deponent").

37. Such a course of action would not only be consistent with the plain text of the Rules, but would be consistent with the well-established decisional law on this topic, holding that sanctions are appropriate when a party fails to attend a properly noticed deposition. *See,* F.R.C.P. 37(a)(5)(A) (providing that, upon granting a motion filed pursuant to the Rule, that the Court "must … require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."); *AngioDynamics, Inc. v. Biolitec AG*, 305 F. Supp. 3d 300, 308 (D. Mass. 2018).

38. Accordingly, Frito-Lay respectfully requests that the Honorable Court order the Plaintiff to pay reasonable expenses to Frito-Lay for costs and expenses incurred with respect to Ms. Fontaine's deposition to which she failed to appear, as well as costs and expenses associated with this pleading, including attorney's fees.

39. Should this Motion and the accompanying relief be granted, Frito-Lay would respectfully request it be permitted to submit documentation as to the costs and attorney's fees with respect to Ms. Fontaine's deposition and as to costs and fees incurred in bringing this pleading within fourteen (14) days of the issuance of the Order granting said Motion.

## CONCLUSION

40. For the foregoing reasons, Frito-Lay respectfully requests that the Honorable Court grant its Motion to Dismiss and Request for Sanctions. Ms. Fontaine cannot continue this action given that she is not the personal representative of the Estate. Even if she could prosecute this action, given her repeated failures to prosecute – including failing to appear at a properly noticed deposition and failing to provide discovery responses despite a filing with the Court stating dates certain for doing so – dismissal is appropriate at this time. Similarly, given the Plaintiff's behavior in this action, sanctions, including costs and attorney's fees, are justified.

41. Undersigned counsel hereby certifies that he has complied with the provisions of Local Rule 37.1. As outlined above, counsel for Frito-Lay attempted in good faith to resolve this discovery dispute in accordance with the Rules. F.R.C.P. 37(a)(1); LR 37.1(a) and (b). On September 30, 2020, Frito-Lay's counsel contacted Plaintiff's counsel to request a telephonic meet-and-confer, pursuant to Local Rule 37.1. *See, Declaration of David Johnston*, attached as **Exhibit A**. That telephonic meet-and-confer was held on the afternoon of October 1, 2020. Counsel discussed the foregoing issues, with Plaintiff's counsel confirming that Ms. Fontaine is no longer communicating with him and that he cannot verify that she is the personal representative of the Estate. *Id.*

***** ***** *****

Respectfully submitted,

FRITO-LAY, INC.

By Its Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED:  October 5, 2020           By: /s/ David W. Johnston
                                                   David W. Johnston, Esq.  BBO#649325
                                                   9 Capitol Street
                                                   Concord, NH 03301
                                                   (603) 223-2800
                                                   djohnston@sulloway.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                                 By: /s/ David W. Johnston
                                                                         David W. Johnston, Esq.