UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | § | |
|---|---|---|
| Estate of Richard Fontaine, | § | |
|     *Plaintiff*, | § | |
| | § | Civil Action No. 1:19-cv-11993-NMG |
|     v. | § | |
| | § | |
| Frito-Lay, Inc., | § | |
|     *Defendant*. | § | |
| | § | |

**DEFENDANT FRITO-LAY, INC.'S
REPLY MEMORANDUM TO
PLAINTIFF'S MEMORANDUM OF LAW OPPOSING
FRITO-LAY, INC.'S MOTION TO DISMISS AND REQUEST FOR SANCTIONS,
FILED PURSUANT TO THIS COURT'S ORDER OF OCTOBER 30, 2020**

Defendant Frito-Lay, Inc. (the "Defendant" or "Frito-Lay"), by and through its counsel, Sulloway & Hollis, P.L.L.C., respectfully submits this Reply Memorandum to the Memorandum of Law filed by the purported "Estate of Richard Fontaine" (the "Plaintiff") in opposition to Defendant's Motion to Dismiss and Request for Sanctions. Frito-Lay submits this Reply primarily to address opposing counsel's continued representations that an "Estate of Richard Fontaine" actually exists, representations that are not true.

In his opposition to dismissal, Plaintiff's counsel contends that "the Estate became the Plaintiff" after the Court granted Plaintiff's "Motion for Substitution of Parties," citing Federal Rule of Civil Procedure 25(a)(1) as support for the proposition. This argument has no merit. Rule 25 – providing that "the court may order substitution of the proper party" – is a procedural rule. F.R.C.P. 25(a)(1); 6 MOORE'S FEDERAL PRACTICE – CIVIL §25.11. While the Court did

allow the motion to substitute the Estate of Richard Fontaine as the Plaintiff following Mr. Fontaine's passing, that was only done in reliance upon Plaintiff's counsel's implicit representation that there was a valid, properly opened estate. It is axiomatic that the Court's allowance of the motion did not *create* an estate. The creation of a legal estate of a decedent is a function of the Commonwealth's probate courts, and under the Massachusetts Uniform Probate Code, only a duly appointed personal representative of a legal estate has standing to pursue a cause of action held by the decedent immediately prior to death. *See, e.g.*, M.G.L. ch. 190B, § 3-703(c). Here, there is no estate and there is no personal representative available to pursue Mr. Fontaine's claim. *See,* Paragraph 11 of *Declaration of David Johnston,* **Exhibit A** to Defendant's Memorandum of Law; *see also,* **Exhibit A**, attached hereto (showing the Massachusetts Trial Court Electronic Case Access search for "Richard Fontaine" in the Middlesex Probate and Family Court, indicating that as of November 2, 2020, no estate has been opened with respect to Mr. Fontaine). Simply put, this case cannot continue.

Plaintiff's counsel offers an excuse for misrepresenting the existence of a valid estate by suggesting that Charlette Fontaine was "untutored in the law" and "neglected to file the requisite paperwork." This excuse, however, falls well short of explaining why counsel himself did not verify, at the outset, the capacity of Ms. Fontaine to represent her father's estate or whether a legal estate even existed. While Plaintiff's counsel now requests leave to seek an appointment of the purported wife of the decedent as the estate's personal representative, there is no reason to believe that a probate court would actually permit her appointment – particularly given counsel's own representations that she is presently "being treated as an inpatient at the HRI Hospital, a behavioral healthcare facility in Brookline, Massachusetts." The fact remains that there is still no party capable of pursuing this lawsuit at this time.

Frito-Lay will rely upon its initial Memorandum with respect to the other arguments advanced by the Plaintiff. Suffice it to say, the Plaintiff's positions – that written discovery "is of little value concerning what did or didn't happen"; that Ms. Fontaine's failure to appear for a duly noticed deposition was inconsequential because "she could not possibly have offered much more than she had already"; and that it was "immaterial that Ms. Fontaine didn't produce [written discovery] in keeping with proper Discovery procedure" – are baseless conclusions that fly in the face of the Rules of this Court and established practice. Frito-Lay should not be forced to indulge Ms. Fontaine's and her counsel's failure to properly prosecute this case, their ongoing violations of the Federal Rules of Civil Procedure and the Rules of this Court, and their refusal to acknowledge the violations in a forthright manner. Dismissal of the case would be both just and equitable, bringing this charade to an end.

Frito-Lay respectfully requests that the Honorable Court grant its Motion to Dismiss.

*****     *****     *****

Respectfully submitted,

FRITO-LAY, INC.

By Its Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED: November 2, 2020          By: /s/ David W. Johnston
                                 David W. Johnston, Esq.  BBO#649325
                                 9 Capitol Street
                                 Concord, NH 03301
                                 (603) 223-2800
                                 djohnston@sulloway.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

By: /s/ David W. Johnston<br>David W. Johnston, Esq.